Shannon R. Boyce, Bar No. 229041
sboyce@littler.com
James A. Becerra, Bar No. 308459
jbecerra@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, California  90067.3107
Telephone:   310.553.0308
Fax No.:   800.715.1330

Attorneys for Defendants
BROOKDALE EMPLOYEE SERVICES, LLC;
BROOKDALE EMPLOYEE SERVICES - CORPORATE, LLC; BROOKDALE SENIOR LIVING COMMUNITIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA ABDEL-LATIF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BROOKDALE EMPLOYEE SERVICES, LLC, a Delaware Limited Liability Company; BROOKDALE EMPLOYEE SERVICES - CORPORATE, LLC, a Delaware Limited Liability Company; BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:23-cv-06372-BLF<br><br>Assigned to Judge Beth Labson Freeman<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Date:   May 9, 2024<br>Time:   9:00 a.m.<br>Dept:    3 |

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A. Plaintiff Does Not Oppose The Delegation Clause. ................................................. 1

    B. Plaintiff's Unconscionability Arguments Are Without Merit. .................................. 1

        1. There Are No Substantively Unconscionable Terms. ................................... 1

            a. The Agreement Is Mutual. ................................................................. 1

            b. The Agreement Provides For Adequate Discovery. .......................... 2

            c. The Confidentiality Term Is Enforceable. ......................................... 2

            d. Any Unconscionable Provisions Are Severable. ............................... 3

        2. The Agreement Is Not Procedurally Unconscionable. .................................. 3

            a. Mandatory Agreements Are Not Unconscionable. ............................ 3

            b. There Was No Oppression Or Surprise. ............................................ 3

    C. Sanctions Should Be Imposed. .................................................................................. 5

III. CONCLUSION ..................................................................................................................... 5

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**Cases**

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
   24 Cal. 4th 83 (2000) ...................................................................................................... 3

*Brookwood v. Bank of America*,
   45 Cal.App.4th 1667 (1996) .............................................................................................. 5

*Dotson v. Amgen, Inc.*,
   181 Cal.App.4th 975 (2010) .............................................................................................. 3

*Garcia v. Din Tai Fung Rest., Inc.*,
   2020 WL 6822909 ............................................................................................................. 4

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
   139 S. Ct. 524 (2019) ........................................................................................................ 1

*Lagatree v. Luce, Forward, Hamilton & Scripps*,
   74 Cal.App.4th 1105 (1999) .............................................................................................. 3

*Lane v. Francis Capital Management, LLC*,
   224 Cal.App.4th 676 (2014) .............................................................................................. 4

*Marathon Entm't, Inc. v. Blasi*,
   42 Cal.4th 974 (2008) ....................................................................................................... 3

*Mercuro v. Superior Court*,
   96 Cal.App.4th 167 (2002) ................................................................................................ 2

*Morgan v. Xerox Corp.*,
   2013 WL 2151656 (E.D. Cal. May 16, 2013) .................................................................. 4

*Moule v. United Parcel Service Co.*,
   2016 WL 3648961 (E.D. Cal. July 7, 2016) .................................................................... 3

*Murrey v. Superior Court*,
   87 Cal.App.5th 1223 (2023) .............................................................................................. 3

*Nguyen v. Applied Med. Res. Corp.*,
   4 Cal.App.5th 232 (2016) .................................................................................................. 4

*Oto, LLC v. Kho*,
   8 Cal.5th 111 (2019) .......................................................................................................... 4

*Poublon v. C.H. Robinson Company*,
   846 F.3d 1251 (2017) ................................................................................................... 2, 3

*Pulido v. Caremore Health Plan, Inc.*,
   2020 WL 5077353 (C.D. Cal. May 12, 2020) .................................................................. 2

*Rent-A-Center, West, Inc. v. Jackson*,
    561 U.S. 63 (2010)..................................................................................................................1

*Sanchez v. Carmax Auto Superstores California, LLC*,
    168 Cal.App.4th 398 (2014) ....................................................................................................3

*Serafin v. Balco Properties LTD, LLC*,
    235 Cal.App.4th 165 (2015) ("Surprise involves the extent to which the terms of
    the bargain are hidden in a prolix printed form . . . .") ............................................................4

*Steele v. Lending Club Corporation*,
    2018 WL 4773147 (N.D. Cal. Oct. 3, 2018)............................................................................1

*Trivedi v. Curexo Technology Corp.*,
    189 Cal.App.4th 387 (2010) ....................................................................................................1

*Viking River Cruises, Inc. v. Moriana*,
    596 U.S. 639 (2022) .................................................................................................................2

**Statutes**

California Labor Code § 132a...........................................................................................................2

**Other Authorities**

California Practice Guide—Alternative Dispute Resolution (The Rutter Group 2023)..................2

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

## I. INTRODUCTION

Defendants (collectively, "Brookdale") respectfully request that the Court grant this motion, compel Plaintiff's claims to arbitration, dismiss this action, and order Plaintiff to pay Brookdale's fees. It is undisputed that Plaintiff had ample notice of her obligation to arbitrate the instant matter, whether by way of her application for employment, her offer letter, or the standalone Brookdale Dispute Resolution Agreement (the "Agreement"). Now, based on nothing more than misleading factual arguments and rejected or inapplicable case law, she attempts to argue she was somehow surprised by the Agreement and that it is substantively unconscionable. Her assertions are patently frivolous, and Brookdale's motion should be granted.

## II. ARGUMENT

### A. Plaintiff Does Not Oppose The Delegation Clause.

Plaintiff does not dispute that the Arbitration Agreement clearly and unmistakably delegates all issues regarding interpretation, applicability, and enforceability to the arbitrator. The FAA requires the Court to enforce this clear and unmistakable delegation clause. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019); *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010).

### B. Plaintiff's Unconscionability Arguments Are Without Merit.

#### 1. There Are No Substantively Unconscionable Terms.

##### a. The Agreement Is Mutual.

Plaintiff's assertions that the Agreement lacks mutuality are meritless. First, Plaintiff cites *Trivedi* to argue that carve outs for injunctive relief are not mutual. But "[w]hile such an argument might have been viable under prior California law, *see, e.g., Trivedi v. Curexo Technology Corp.*, 189 Cal.App.4th 387 (2010), it no longer is." *Steele v. Lending Club Corporation*, 2018 WL 4773147, at *4 (N.D. Cal. Oct. 3, 2018).

Second, despite Plaintiff's baseless assertion otherwise, the Agreement specifically provides that nothing prevents Plaintiff from "exhausting administrative remedies under applicable law" or prevents a "report, claim, or charge, otherwise covered by [the] Agreement" from being investigated by any "governmental agency," whether state or federal. Withers Decl., Ex. C, ¶ 2.

Third, Plaintiff incorrectly argues that the Agreement seeks "to abrogate an unwaivable statutory right of employees in bringing retaliation and discrimination claims in the workers' compensation arena." Opp., 8:1-14. Rather, t "[t]he exclusive remedy rule does *not* preclude arbitration of a workers' compensation *discrimination* claim (Lab.C. § 132a)." Knight (Ret.), *et al.*, California Practice Guide—Alternative Dispute Resolution (The Rutter Group 2023), ¶ 5:76.29, *citing Amalgamated Transit Union Local 1277 v. Los Angeles County Metropolitan Transportation Authority*, 107 Cal.App.4th 673, 682 (2003) ("[A] Labor Code section 132a discrimination claim . . . is not subject to the exclusivity rule."). Plaintiff's citation to a nonprecedential workers compensation decision, in a completely different context, is unavailing.

Finally, Plaintiff's argument that the Agreement lacks mutuality because it prohibits class or representative actions is also meritless. Mtn., 8:15-19. Plaintiff only cites cases addressing agreements that completely banned representative PAGA actions, even individual PAGA actions. *Id.* The Agreement here, however, does not completely ban such actions, and the individual is permitted to bring PAGA actions on their own behalf in arbitration. Withers Decl., Ex. C, ¶ 8. These terms are enforceable. *Viking River Cruises, Inc. v. Moriana, 596 U.S. 639, 659-60 (2022)*; *Poublon v. C.H. Robinson Company*, 846 F.3d 1251, 1264 (2017) (before *Viking River Cruises*, such terms were severable).

### b. The Agreement Provides For Adequate Discovery.

Plaintiff has not shown the default discovery limitations in the Agreement are inadequate. First, she does not attest to specific reasons why or what discovery is required based on the relevant facts or applicable legal principles. *Mercuro v. Superior Court*, 96 Cal.App.4th 167, 183 (2002). Further, the Agreement permits the parties to "request that the Arbitrator allow additional discovery," Withers Decl., Ex. C, ¶ 5, which equates with adequate discovery. *Pulido v. Caremore Health Plan, Inc.*, 2020 WL 5077353, at *9 (C.D. Cal. May 12, 2020) (permitting additional discovery upon showing of "compelling need" was adequate).

### c. The Confidentiality Term Is Enforceable.

The confidentiality provision provides that, "[u]nless prohibited by applicable law, as determined by the Arbitrator, or as needed to move to vacate or confirm an award, the parties agree to

keep the award confidential." Withers Decl., Ex. C, ¶ 7. Courts have routinely upheld such a provision. *See, e.g., Sanchez v. Carmax Auto Superstores California, LLC*, 168 Cal.App.4th 398, 408 (2014) ("[W]e see nothing unreasonable or prejudicial about [this comparable confidentiality provision]."); *Poublon*, 846 F.3d 1251, 1266-67 (9th Cir. 2017) (same); *see also Moule v. United Parcel Service Co.*, 2016 WL 3648961, at *10-11 (E.D. Cal. July 7, 2016) ("California law does not mandate a finding that confidentiality provision is 'per se unconscionable' . . . However, this provision may be severed from the remainder of the agreement."). Further, the Agreement's language is distinct from Plaintiff's cited authorities, including *Murrey v. Superior Court*, 87 Cal.App.5th 1223, 1253-54 (2023), where the provision at issue absolutely prohibited disclosure of the award, and prohibited the arbitrator from making certain rulings in the award.

### d. Any Unconscionable Provisions Are Severable.

Although Brookdale disputes Plaintiff's claim that the Agreement contains unenforceable provisions, should the Court find otherwise, it should sever any offending section and enforce the remainder of the Agreement. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000) (court has broad "discretion as to whether to sever…unconscionable provision"); *Marathon Entm't, Inc. v. Blasi*, 42 Cal.4th 974, 991 (2008) (preference for severance); *Dotson v. Amgen, Inc.*, 181 Cal.App.4th 975, 985-86 (2010) (court abused discretion by not severing provision).

## 2. The Agreement Is Not Procedurally Unconscionable.

### a. Mandatory Agreements Are Not Unconscionable.

"[T]he cases uniformly agree that compulsory pre-dispute arbitration agreement is not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis." *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal.App.4th 1105, 1127 (1999).

### b. There Was No Oppression Or Surprise.

Plaintiff asserts that she was surprised by the Agreement during orientation, ***ignoring that both her job application and offer letter included reference to her obligation to arbitrate any dispute***. Withers Decl., Ex. A, p. 11; Ex. B, p. 14.  Further, Plaintiff does not attest as to how much time she spent reviewing the Agreement, to a failure to understand or read any of its terms, that further

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3

1  opportunity to review the Agreement was denied, or that she could not obtain a copy of the Agreement. Instead, she speculatively and irrelevantly references how she felt when reviewing onboarding documents, rather than specifically attesting to any communications from the unnamed Brookdale associate, which would be hearsay. Almost a month later, on November 29, 2021, she signed the Agreement. *Id.*, Ex. C. Plaintiff's entire argument that she was oppressed or surprised by the Agreement at onboarding thus lacks credibility.

Plaintiff relies on an extreme case - *Oto, LLC v. Kho*, 8 Cal.5th 111, 127 (2019) – to argue oppression, yet it is clearly distinguishable. For example, unlike here, the employee in *Kho* was definitively required to immediately sign the agreement to keep their job of three years, and any time spent reviewing the agreement reduced their pay. These underlying facts bear no semblance to the instant matter.

Further, the terms of the Agreement are not hidden – the Agreement is a standalone document clearly entitled "**BROKDALE DISPUTE RESOLUTION AGREEMENT.**" It is written in plain terms, with headings, and with bolded language at the beginning and end confirming the associate reviewed, understands, and acknowledges its terms. *Serafin v. Balco Properties LTD, LLC*, 235 Cal.App.4th 165, 177 (2015) ("Surprise involves the extent to which the terms of the bargain are hidden in a prolix printed form . . . ."); *Garcia v. Din Tai Fung Rest., Inc.*, 2020 WL 6822909, at *7 ("Even if the arbitration agreement was buried among other documents, the agreement would not increase procedural unconscionability because it was only three pages long and formatted to draw the reader's attention and minimize surprise."). In support of Plaintiff's argument to the contrary, she again relies on a dated and rejected case, *Harper v. Ultimo*. *See Morgan v. Xerox Corp.*, 2013 WL 2151656, at *3 n. 6 (E.D. Cal. May 16, 2013) ("Contrary to the agreement in , the agreement here does not contain any similar limitations on the potential *relief* Plaintiff can receive.").

Finally, whether a copy of the AAA rules was provided is immaterial. *Nguyen v. Applied Med. Res. Corp.*, 4 Cal.App.5th 232, 249 (2016) (failure to attach AAA rules does not result in procedural unconscionability). In fact, the Agreement instructs that the rules can be located via the AAA website or a suggested search engine term. Withers Decl., Ex. C, ¶ 3; *Lane v. Francis Capital Management,*

LITTLER
MENDELSON P.C.
2049 Century Park
East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

4

*LLC*, 224 Cal.App.4th 676, 691 (2014) ("[T]he arbitration rules referenced in the agreement were easily accessible to the parties—the rules are available on the internet.")

Ultimately, Plaintiff is bound to the terms that she acknowledged. *Brookwood v. Bank of America*, 45 Cal.App.4th 1667, 1674 (1996) ("[A]n employee is 'bound by the provisions of the [arbitration] agreement regardless of whether [he] read it or [was] aware of the arbitration clause when [he] signed the document.") (brackets in original).

### C. Sanctions Should Be Imposed.

Given Plaintiff's lack of candor in her opposition, reliance on dated or rejected case law, misleading factual and legal arguments, and refusal to meet and confer in good faith, sanctions should be imposed. This motion could have been avoided.

## III. CONCLUSION

Brookdale respectfully requests that the Court grant this motion.

Dated: March 11, 2024

LITTLER MENDELSON P.C.

*/s/ Shannon Boyce*
Shannon R. Boyce
James A. Becerra

Attorneys for Defendants

4883-9964-1003.9 / 051918-1516