**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NADIA ABDEL-LATIF,<br><br>        Plaintiff,<br><br>    v.<br><br>BROOKDALE EMPLOYEE SERVICES, LLC, et al.,<br><br>        Defendants. | Case No. 23-cv-06372-BLF<br><br>**ORDER GRANTING MOTION TO COMPEL ARBRITRATION; DENYING MOTION FOR SANCTIONS**<br><br>[Re: ECF No. 16] |

Plaintiff Nadia Abdel-Latif brings nine employment-related claims against Defendants Brookdale Employee Services, LLC, Brookdale Employee Services - Corporate, LLC, and Brookdale Senior Living Communities, Inc. ("Defendants"). ECF No. 1-2 ("Compl."). Before the Court is Defendants' Motion to Compel Arbitration and Dismiss or Stay Proceedings; and Request For Sanctions. ECF No. 16-1 ("Mot."); ECF No. 25 ("Reply"). Plaintiff opposes. ECF No. 22 ("Opp.").

The Court finds the motion appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons described below, Defendants' motion is GRANTED IN PART AND DENIED IN PART.

**I.    BACKGROUND**

Plaintiff was employed by Defendants from approximately November 29, 2021 to August 11, 2023. ECF No. 1-2 ("Compl.") ¶ 15. On November 29, 2021, Plaintiff signed the Brookdale Dispute Resolution Agreement in connection with her employment. Mot. at 2; ECF No. 16-3, Ex. C ("Agreement"); ECF No. 22-2, Ex. A. The Agreement states, "We both understand and agree that this Agreement is governed by the Federal Arbitration Act (9 U.S.C. §§ 1-16), and that this is a matter involving commerce." Agreement at 1. The Agreement also contains a provision that

states, "Brookdale and I agree that *any dispute regarding* the interpretation, *applicability*, or *enforceability* of this Agreement including, but not limited to, any claim that all or any part of this Agreement is void or voidable *will also be resolved by an Arbitrator-and not the court*." *Id.* (emphasis added).

Plaintiff brought this action in state court on October 30, 2023, and Defendants removed to federal court on December 11, 2023. ECF No. 1. Defendants filed the instant motion on February 16, 2024. ECF No. 16.

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to arbitration agreements affecting interstate commerce. 9 U.S.C. §§ 1 *et seq*. When it applies, the FAA preempts state law rules that conflict with its provisions, as well as "state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341-43 (2011).

## III.  DISCUSSION

Defendants argue that the Agreement is a valid and enforceable contract, the FAA governs the Agreement, the Agreement covers Plaintiff's claims, and the delegation provision requires the arbitrator to resolve disputes about the enforceability and applicability of the Agreement. Mot. at 5. Defendants also seek sanctions for purported "bad faith conduct" by Plaintiff. *Id.* at 10. Plaintiff argues that the Agreement is unenforceable because it is procedurally and substantively unconscionable, but does not challenge the delegation provision specifically. Opp. at 2-10. Furthermore, Plaintiff does not dispute that she signed the Agreement, or that it is governed by the FAA. *See id.* at 6; ECF No. 22-2, Ex. A. Plaintiff also argues that sanctions are unwarranted and brings several evidentiary objections. Opp. at 10-11.

The Court addresses Plaintiff's objections, then Defendants' motion to compel arbitration, then Defendants' motion for sanctions.

### A.  Evidentiary Objections

Plaintiff brings several evidentiary objections to two statements from ECF No. 16-3 ("Withers Decl."). Opp. at 11. The first statement is, "Associates like Ms. Abdel-Latif are given the opportunity to review all documentation and ask any questions they may have." Withers Decl.

2

1   at 3:12-13.  The second statement is, "During her employment, Ms. Abdel-Latif received a copy of
2   Brookdale's Dispute Resolution Agreement, which she signed by hand on or about November 29,
3   2021."  *Id.* at 3:14-16.  Plaintiff brings the following objections for both statements: Inadmissible
4   Opinion, Lacks Foundation; Conclusory; Speculative; Hearsay.  Opp. at 11.

Although Defendants have demonstrated Ms. Withers' personal knowledge of company policies in her role as Senior Human Resources Business Partner, Defendants have made no showing that Ms. Withers has personal knowledge that Ms. Abdel-Latif received a copy of the Agreement.  Accordingly, the objection to ¶ 8 is sustained, and the Court does not consider that statement.  However, the Court notes that both parties have attached the signed Agreement to their briefs, and do not dispute that Plaintiff signed the Agreement on November 29, 2021.  *See* ECF No. 16-3, Ex. C; ECF No. 22-2, Ex. A.

### B.  Motion to Compel Arbitration

The Court next addresses Defendants' motion to compel arbitration, specifically whether the Agreement is a valid contract, whether the FAA governs the Agreement, whether enforceability and applicability are delegated to the arbitrator, and whether a stay or dismissal is appropriate.

#### 1.  The Agreement is a Valid Contract

Defendants argue that the Agreement is a valid contract.  Mot. at 5-6.  Plaintiff does not oppose.

As an initial matter, the Agreement is authentic.  Defendants' burden of proof that the contract exists and is authentic is slight; attaching "a copy of the purported arbitration agreement bearing [the plaintiff's] signature" is sufficient.  *Espejo v. S. California Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1060 (2016).  As both parties have attached a copy of the signed arbitration agreement, ECF No. 16-3, Ex. C, ECF No. 22-2, Ex. A, the Court finds no reason to question the authenticity of the Agreement.

The Court next turns to whether the Agreement is a valid contract.  Under California law, a valid contract exists when: (1) the parties are capable of contracting; (2) there was mutual consent; (3) the contract had a lawful object; and (4) the contract was supported by sufficient cause or

3

1   consideration. Civ. Code § 1550.

2       Here, the Agreement meets these requirements. First, there is no dispute that all parties
3   were capable of contracting. *See* Civ. Code § 1556. Second, there is mutual consent. A party's
4   acceptance of an arbitration agreement (as with any contract) may be express (i.e., signed) or
5   implied in fact. *Pinnacle Museum Tower Ass'n v. Pinnacle Market Dev. (US), LLC*, 55 Cal. 4th
6   223, 236 (2012) (an "employee's continued employment constitutes acceptance of an arbitration
7   agreement proposed by the employer"). Plaintiff signaled her acceptance of the Agreement in
8   multiple ways. Plaintiff signed her employment application and initialed the statement regarding
9   arbitration, Withers Decl. ¶ 5, Ex. A, Plaintiff signed her offer letter, *id.* ¶ 6, Ex. B, and Plaintiff
10  signed the Agreement itself. *Id.*, Ex. C. Third, the Agreement had a lawful objective under
11  California and federal law, "resolving litigation" through binding arbitration. *See Stewart v.*
12  *Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1586 (2005). Fourth, the Agreement was
13  supported by sufficient consideration. *Asmus v. Pacific Bell*, 23 Cal. 4th 1, 14-15 (2000) (in the
14  context of an arbitration agreement, "there is consideration in the form of continued employee
15  services"). Thus, the Court concludes that the Agreement is a valid contract.

### 2. The FAA Governs the Agreement

17      Defendants argue that the FAA governs the Agreement. Mot. at 4-5. Plaintiff does not
18  oppose.

19      The FAA applies to agreements "involving commerce." 9 U.S.C § 2. The Agreement here
20  specifies that it is governed by the "Federal Arbitration Act (9 U.S.C. §§ 1-16), and that this is a
21  matter involving commerce." Withers Decl., Ex. C at 1. Furthermore, Brookdale operates senior
22  living communities throughout the United States. *Id.* ¶ 3. Thus, the Agreement plainly involves
23  commerce and is governed by the FAA. *CarMax Auto Superstores Cal. Ltd. Liab. Co. v.*
24  *Hernandez*, 94 F. Supp. 3d 1078, 1000-02 (C.D. Cal. 2015) (finding that the FAA applied to an
25  arbitration agreement in part because the employer did business in several states and thus involved
26  interstate commerce).

27  \\
28  \\

4

**3. The Agreement Delegates Applicability and Enforceability to the Arbitrator**

Defendants argue that according to the Agreement, "any dispute regarding the interpretation, applicability, or enforceability of [the Agreement]" should be decided by the arbitrator. Mot. at 2. Defendant alternatively argues that the Agreement covers all of Plaintiffs' claims. *Id.* at 6-7. Plaintiff makes several arguments that the Agreement is not enforceable because it is procedurally and substantively unconscionable, Opp. at 2-10, but does not address the validity of the delegation clause.

Although gateway issues such as enforceability and applicability are generally for the court to decide, they "can be expressly delegated to the arbitrator where the parties clearly and unmistakably provide otherwise." *Brennan*, 796 F.3d at 1130. For example, the Supreme Court has "recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010). "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019). "In those circumstances, a court possesses no power to decide the arbitrability issue." *Id.* "That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Id.*

Plaintiff does not dispute that the Agreement covers her claims. Her argument is directed to the enforceability of the Agreement on the basis of unconscionability. The Supreme Court has directly addressed the issue of the effect of a delegation clause on a claim of unconscionability. In *Rent-A-Ctr.*, an employer moved to compel arbitration of a former employee's discrimination lawsuit. 561 U.S. 63; *see also Ross v. Shutterfly Lifetouch, LLC*, No. 20-CV-06040-BLF, 2021 WL 4776666, at *5 (N.D. Cal. Oct. 13, 2021) (discussing *Rent-A-Ctr.*). The Supreme Court held that the district court properly granted the motion to compel arbitration based on a delegation provision that gave the arbitrator "exclusive authority to resolve any dispute relating to the . . . enforceability . . . of this Agreement." *Rent-A-Ctr.*, 561 U.S. at 72. In the Supreme Court's view, that delegation encompassed the former employee's claim that the arbitration agreement was

1  unconscionable. *See id.* at 71-72. The Supreme Court stated that absent a challenge to the
2  delegation provision specifically, as distinct from a challenge to the arbitration agreement as a
3  whole, the delegation provision had to be treated as valid. *See id.* at 72. ("Accordingly, unless [the
4  plaintiff] challenged the delegation provision specifically, we must treat it as valid, . . . leaving any
5  challenge to the validity of the Agreement as a whole for the arbitrator.").

6  Here, the Agreement contains a provision that states, "Brookdale and I agree that ***any***
7  ***dispute regarding*** the interpretation, ***applicability***, or ***enforceability*** of this Agreement including,
8  but not limited to, any claim that all or any part of this Agreement is void or voidable ***will also be***
9  ***resolved by an Arbitrator-and not the court***." Withers Decl., Ex. C at 1 (emphasis added). This
10 language clearly and unambiguously delegates all issues of enforceability and applicability to the
11 arbitrator. The Court thus possesses no power to decide issues of enforceability or applicability.
12 *Schein*, 586 U.S. at 68.

13 The outcome may have differed had Plaintiff specifically attacked the delegation provision
14 itself. However, the delegation clause on its face is a clear and unmistakable delegation of
15 authority to the arbitrator. Here, Plaintiff's unconscionability arguments focus on the agreement
16 as a whole, Opp. at 2-8, discovery limitations, *id.* at 8-9, and a confidentiality clause, *id.* at 9. Like
17 the plaintiff in *Rent-A-Ctr.*, Plaintiff has not challenged the delegation provision specifically, so
18 the Court must treat it as valid. *Rent-A-Ctr.*, 561 U.S. at 72. Thus, any challenges to the
19 Agreement's enforceability have been delegated to the arbitrator. Accordingly, the Court grants
20 Defendants' motion to compel arbitration.

21 **4. A Stay is Appropriate Pending the Arbitrator's Decision on Enforceability**

22 Defendants argue that the case should be dismissed or stayed pending arbitration. Mot. at
23 9. Plaintiff does not oppose.

24 Where a dispute is subject to arbitration under the terms of a written agreement, the district
25 court shall "stay the trial of the action until such arbitration has been had in accordance with the
26 terms of the agreement." 9 U.S.C. § 3. The Ninth Circuit has also held that courts have discretion
27 under § 3 to dismiss claims that are subject to an arbitration agreement when "plaintiffs could not
28 possibly win relief." *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

6

1    If the arbitrator finds that the Agreement is unenforceable or does not apply to all of
2  Plaintiffs' claims, the action may be heard by this Court. Given the unresolved issue of
3  enforceability, Defendants have not shown that Plaintiff "could not possibly win relief." *Id.* Thus,
4  a stay is appropriate pending the arbitrator's decision on the Agreement's enforceability.

**C.   Motion for Sanctions**

Defendants argue that the Court should sanction Plaintiff for purported "bad faith conduct." Mot. at 10. Defendants do not provide any evidence of bad faith conduct, but state that "Plaintiff's filing of the instant lawsuit and ongoing refusal to submit her claims to arbitration – without providing any substantive basis for her refusal – is the very definition of bad-faith and frivolous tactics." *Id.* Defendants seek attorneys' fees associated with filing this motion. *Id.*; ECF No. 16-2 ¶¶ 3-4. Plaintiff responds that her constitutional right to petition permits her to file this lawsuit. Opp. at 10.

Defendants' motion for sanctions is not well-taken. For starters, Defendants' sanctions motion is procedurally defective. "Any motion for sanctions, regardless of the sources of authority invoked, . . . must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2." Civ. L.R. 7-8. Defendants filed their motion for sanctions with their motion to compel arbitration, which alone is sufficient basis to deny Defendants' motion. Furthermore, Defendants provide no substantive argument, no legal basis for their claims of bad faith (such as a requirement to meet and confer), and no evidence of bad faith beyond conclusory claims and innuendo. As such, the Court denies Defendants' motion for sanctions.

\\
\\
\\
\\
\\
\\
\\
\\

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel arbitration is GRANTED.
2. Defendants' motion for sanctions is DENIED.
3. This litigation is STAYED pending arbitration.
4. The clerk SHALL administratively close the case.
5. Arbitration proceedings SHALL be commenced within 60 days of the entry of this order, or the parties SHALL file a status report explaining their failure to do so.
6. The parties SHALL file a joint status update upon completion of arbitration proceedings.

Dated: May 9, 2024

_____
BETH LABSON FREEMAN
United States District Judge